## Holmes Ammidown *vs.* Stephen Ball.

A deed of a certain described lot of land, "together with all the dwelling-house and building, with the appurtenances, situate thereon or thereto belonging. To have and to hold the above granted premises, with the privileges and appurtenances thereto belonging," includes a small lot of land adjoining the granted premises, which is habitually used with the dwelling-house, and is reasonably necessary to be held in connection with it.

Writ of entry to recover a small parcel of land situated in the rear of a dwelling-house on Beacon Street in Boston. The following facts were agreed in this court:

On the 18th of March 1844, Henry M. Holbrook, under whom both parties claimed title to the demanded premises, received a deed of a lot of land on Beacon Street, with a dwelling-house thereon, from Abiel Chandler; and on the 19th of the following November a deed of the demanded premises, situated in the rear of the dwelling-house, from John H. Wilkins and others. On the 11th of October 1846, Holbrook and the owners of the three adjoining lots on Beacon Street executed an indenture, reciting their ownership of said lots, which as originally laid out extended only to a certain passage which had been laid out for the common use and benefit of the owners of said lots, and that they now severally owned a small parcel of land beyond said passage, extending northerly of their lots as originally laid out, and agreeing to discontinue said passage and to establish a new one across the ends of their several lots as now owned by them, for their common use and benefit, including the right of draining. On the 10th of July 1854, Holbrook, who then occupied the house and the demanded premises, executed to James McGregor a mortgage, containing the same description of land which was contained in the deed of Chandler to him, which was followed by these words : " together with all the dwelling-house and building, with the appurtenances, situate thereon or thereto belonging. To have and to hold the above granted premises, with the privileges and appurtenances thereto belonging," &c. This mortgage was duly foreclosed, and the title under it came by mesne conveyances to the tenant. On the 13th of September 1855, Holbrook conveyed the demanded premises to the demandant.

*J. G. Abbott*, for the demandant.

*H. C. Hutchins*, for the tenant.

CHAPMAN, J. In the mortgage deed of Holbrook to McGregor, under which the tenant claims, the land first described is that which was conveyed to Holbrook by Chandler. This does not include the demanded premises. The following clause is then added : " together with all the dwelling-house and building, with the appurtenances, situate thereon or thereto belonging." The word " appurtenances " as here used refers to the appurtenances

belonging to the house and building, and not to those belonging to the estate generally ; for it is immediately followed by a general *habendum* clause relating to the whole estate, "with the privileges and appurtenances thereto belonging." So that the deed conveys not only the whole land with its privileges and appurtenances expressly, but also mentions the house and building, with their appurtenances. We must apply to this deed the well established rule of construction stated in *Salisbury* v. *Andrews*, 19 Pick. 253, that every word shall be presumed to have been used for some purpose, and shall have some force and effect if it can. According to the strict technical signification of the word, land cannot be appurtenant to a house. But where a house is conveyed with its " appurtenances," the word must refer to land if it have any meaning, and the grantor must have used it to indicate land. The older authorities on this subject are collected in *Smith* v. *Martin*, 2 Saund. 400, *note*, and they hold that at least the garden, curtilage and close adjoining the house will pass. Strictly they pass as parcel of the house. The modern authorities are at least no more strict in their definitions of the word appurtenances than the more ancient ones. Such being the rule of construction, it must be held that the demanded premises passed with the house; for they consisted of a small close or curtilage adjoining it, prepared with considerable pains to be used with it, habitually used with it, and reasonably necessary to be held in connection with it and with the passage in the rear which was appurtenant to the estate. This passage had been made appurtenant to the estate by the indenture of October 11, 1846, by which the owners of several adjoining lots had agreed that it should be so used by each of them in connection with their respective lots, and by its having been prepared for such use and actually so used up to July 10, 1854, when the mortgage was made.      *Judgment for the tenant.*